UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL TETTATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1704 TIA |
| ) | |
| MIDWEST MEDICAL ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss under Fed. R. Civ. P. 37 and 41. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On February 20, 2007, Plaintiff filed an Amended Complaint in federal court against Defendant Midwest Medical Associates, Inc. ("MMA"), alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. §§ 1981 and 1983. Plaintiff also alleges discrimination based on sex and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010, et seq.

On December 18, 2007, shortly before the discovery deadline, Plaintiff's attorney filed a Motion for Extension of Time to Respond to Defendant's Discovery Requests and a Motion to Withdraw as Attorney. The undersigned denied such requests and ordered the Plaintiff to show good cause why the Court should extend discovery and allow Plaintiff's attorney to withdraw. (Order of 12/18/07). Thereafter, the Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 37 and 41 for Plaintiff's failure to attend her deposition and respond to discovery requests and for Plaintiff's failure to prosecute her claims. Specifically, Defendant maintained that, since May 2007, Plaintiff had

failed to respond to **any** discovery requests; failed to appear for properly noticed depositions; and generally failed to prosecute her claims for over 7 months.

On January 15, 2008, after reviewing counsel's suggestions in support of his Motion to Withdraw in camera, the undersigned granted counsel's motion. The undersigned notes that counsel was unable to contact Plaintiff via phone, e-mail, or the U.S. postal service. On that same date, the undersigned ordered Plaintiff to show cause no later than January 29, 2008 why the case should not be dismissed for failure to prosecute. That deadline has passed, and Plaintiff has failed to respond to this Court's Order.

Under Federal Rule of Civil Procedure 37(d)(1)(A), the court may order sanctions where the plaintiff fails to appear at a properly noticed deposition and/or fails to respond to discovery requests. Further, Rule 41(b) provides that a case may be dismissed, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." When a district court imposes a sanction, the sanction must be proportionate to the litigant's transgression. Rodgers v. Curators of University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998) (citations omitted). The Court finds that dismissal is warranted in this case for failure to prosecute. However, the question remains whether the dismissal should be with or without prejudice. Dismissal with prejudice is an extreme sanction to be used only in cases of wilful disobedience of a court order or persistent failure to prosecute a complaint. Id. (citation omitted). The district court does not need to find that the plaintiff acted in bad faith, only that she acted intentionally. Id. (citations omitted).

In the instant case, the undersigned finds that dismissal with prejudice is warranted. Plaintiff filed her first Complaint in November, 2006. She filed her Amended Complaint shortly thereafter, in February, 2007. Defendant served its first set of interrogatories and first request for production

of documents on April 13, 2007.[1] The parties agreed that the answers and responses would be due June 15, 2007; however, Plaintiff never served her answers or requested an extension of time. On October 10, 2007, Defendant served its first request for admissions, second set of interrogatories, and second request for production of documents, to which Plaintiff never responded or requested an extension. Defendant also noticed up two deposition settings for Plaintiff, neither of which she attended. Additionally, Defendant sent letters and placed phone calls to Plaintiff's counsel, requesting responses to discovery requests and advising that Defendant would file a motion to dismiss for failure to prosecute if Plaintiff did not provide said responses. Counsel did not respond. Further, the Court has reason to believe that Plaintiff cut off all communication with her attorney, rendering it impossible for him to obtain such responses. Finally, Plaintiff failed to respond to this Court's Order mandating that she show cause why the Court should not dismiss the case for failure to prosecute. In short, the case has been pending for over one year, and Plaintiff has wilfully failed to prosecute this case by failing to respond to discovery requests despite several ; failing to attend noticed depositions; and, most egregious, failing to comply with an Order of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. #33] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE** for failure to prosecute.

    /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of February, 2008.

---

[1] In the following recitation of history surrounding discovery in this case, the Court relies on the facts contained in Defendant's Memorandum in Support of its Motion to Dismiss, Supplemental Memorandum, and attached exhibits.